**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUTH MERI ACOSTA, AKA Ruth Mery
Acosta Mejia,

　　　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　　Respondent.

No.　20-72052

Agency No. A094-190-510

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2022
Pasadena, California

Before: BENNETT and KOH, Circuit Judges, and KATZMANN,[**] Judge.

　　Ruth Meri Acosta Mejia, a citizen of Honduras, challenges the decision of

the Board of Immigration Appeals ("BIA") dismissing her appeal of the

Immigration Judge ("IJ")'s denial of her claims for withholding of removal and

---

　　　　[*]　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　　[**]　　　The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

protection under the Convention Against Torture ("CAT").  Exercising our jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition.

"We review for substantial evidence the BIA's decision that an applicant has not established eligibility for . . . withholding of removal[] and CAT protection." *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011), *abrogated on other grounds by Garland v. Ming Dai*, 141 S. Ct. 1669 (2021).  We will uphold the agency's findings of fact unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

1.      Substantial evidence supports the BIA's denial of withholding of removal because Acosta failed to establish a clear probability of future persecution.

Because Acosta did not allege that she experienced past persecution in Honduras, she must show a "clear probability of future persecution" to establish eligibility for withholding of removal.  *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010).  The agency found that Acosta failed to do so because she did not demonstrate: (1) a nexus between her proffered Particular Social Group ("PSG")— that being the "Acosta family," the "Arguellas Mejia family," and the "Acosta Mejia family"—and the harm feared; or that (2) her claimed fear is objectively reasonable.  Acosta contests both findings, but her arguments are unavailing.

To the first point, although the agency accepted Acosta's proposed family-based PSG as cognizable, the agency found that any past harms endured by

Acosta—in the form of murders and/or disappearances of eight family members—did not come about *because of* membership in the family. On appeal, Acosta has not identified a specific commonality among her family members to explain why they *as a family* are targets. Acosta's own explanations—that various family members were murdered or disappeared for witnessing crimes, resisting extortion, and/or serving as a judge—support the IJ's assessment that her "family were victims of criminal actors" who sought out various opportunistic moments to harm and/or extort money from Acosta's family members unconnected to a protected ground.

To the second point, although the agency articulated multiples issues undermining the objective reasonability of Acosta's fear of future persecution, on appeal, Acosta only responds to one of them. Namely, Acosta contends that the continued presence and safety of various family members in Honduras does not undercut her objective fear of future persecution on family-based grounds because the agency failed to make a finding that the identified remaining family members are "similarly situated" to her. However, the agency did make such a finding and the record does not compel a contrary determination where several of Acosta's remaining family members share her last name and continue to reside in Honduras. Indeed, as the IJ observed, Acosta herself resided in Honduras without incident for four years after her brother disappeared after witnessing a bank robbery.

Because Acosta has not raised any arguments sufficient to disturb the agency's determination that she failed to establish a clear probability of future persecution, the BIA properly upheld the IJ's order denying withholding of removal.

2.    Substantial evidence supports the BIA's determination that Acosta is ineligible for CAT relief because she failed to show she is more likely than not to be tortured in Honduras by or with the acquiescence of the government.

On appeal, Acosta's argument seems to be that because the Honduran government would not be able to protect her, the court should find acquiescence rising to the level of torture. We have rejected such arguments. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Moreover, record evidence—such as human rights reports by the State Department—shows that the Honduran government is trying to combat the kind of gang violence Acosta fears, and that the authorities were responsive to the Acosta family following each gang-related fatality that befell her relatives.

Because Acosta has not shown that the record compels a finding of government acquiescence in torture, the BIA properly upheld the IJ's order denying her claim for protection under the CAT.

**PETITION DENIED.**

4